# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.W. and J.B.-R.**

**No. 19-0630** (Wood County 18-JA-148 and 18-JA-149)

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.B., by counsel Courtney L. Ahlborn, appeals the Circuit Court of Wood County's June 24, 2019, order terminating her parental rights to M.W. and J.B.-R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Jeffrey B. Reed, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2018, the DHHR filed an abuse and neglect petition against petitioner alleging that her chronic drug abuse resulted in the abuse and/or neglect of her children. On October 9, 2018, petitioner waived her right to a preliminary hearing. In December of 2018, the circuit court held an adjudicatory hearing, wherein it accepted petitioner's stipulation to the allegations in the petition and granted her a post-adjudicatory improvement period. Review hearings were held in January and February of 2019, wherein the circuit court learned that petitioner enrolled into a five-to-ten-day substance abuse stabilization program, but later refused to sign a release of information for the DHHR to access her records from the program. At the next status hearing, petitioner tested positive for various illegal substances, admitted that she needed further treatment, and signed her family case plan. According to the case plan, petitioner was required to regularly submit to drug screening, attend supervised visitations, attend adult life skills

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

and parenting classes, and complete treatment for her drug addiction. In April of 2019, petitioner again enrolled into a short-term substance abuse stabilization program, but failed to follow through with the staff's recommendations upon release.

The circuit court held the final dispositional hearing in June of 2019, wherein petitioner failed to appear, but counsel represented her and requested that the circuit court terminate petitioner's custodial rights instead of her parental rights. The DHHR presented evidence that petitioner had neither stayed in contact with the DHHR or her counsel, completed the recommendations of the substance abuse stabilization program, nor submitted to drug screening since May of 2019. Ultimately, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the children's best interest to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights by its June 24, 2019, order. It is from this dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive dispositional alternative. According to petitioner, she needed more time to correct her substance abuse addiction and claims that the children would not have been harmed because they were placed with relatives. We disagree, and note that, on appeal, petitioner cannot establish that the circuit court's findings necessary for termination were in error.

West Virginia Code § 49-4-604(b)(6) permits a circuit court to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the

---

[2]M.W.'s father voluntarily relinquished his parental rights and J.B.-R.'s father's parental rights were involuntarily terminated. According to the DHHR, the permanency plan for M.W. is adoption by his paternal aunt and the permanency plan for J.B.-R. is adoption by her maternal grandmother.

children. Further, pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child[ren]." Here, it is clear that the record supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, given her untreated addiction and noncompliance during the proceedings. Below, petitioner failed to appear for her dispositional hearing, communicate with counsel or the DHHR, or follow through with any rehabilitative efforts required by her improvement period. While it is true that petitioner twice enrolled in a short-term substance abuse stabilization program, the record indicates that she never progressed and completely ceased participating in services as of the time of the dispositional hearing. In fact, petitioner makes no claim that she successfully completed the terms and conditions of her post-adjudicatory improvement period. Additionally, the record shows that the children's welfare required termination of petitioner's parental rights because her admitted substance abuse prevented her from properly supervising the children.

To the extent petitioner claims that she should have been granted a less-restrictive disposition because she may eventually be able to correct the conditions of abuse and neglect, we note that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child[ren] will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (citation omitted). Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights upon findings that there was no reasonable likelihood the conditions of abuse and neglect could have been substantially corrected in the near future and that termination was necessary for the children's welfare.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 24, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: March 13, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison